*In re* MARRIAGE OF ULETTA B. ALLEN, Petitioner-Appellant, and WILLIAM K. ALLEN, Respondent-Appellee.

Third District    No. 81-383

Opinion filed February 26, 1982.

Thomas R. Monahan, of Joliet, for appellant.

Edward Kusta, of Bolingbrook, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

Petitioner-appellant appeals from the trial court's dismissal of her dissolution of marriage proceeding for want of prosecution. The facts relating to the dismissal are quite simple.

Prior to this dismissal, several separate continuances had been sought and obtained in this case from the trial court. Then, at a scheduled hearing of June 19, 1981, counsel for petitioner-appellant appeared before the trial court and advised the trial judge that his client was out of the State and that the lawyers for both sides had agreed to continue the matter again for at least 60 days. The trial judge was not privy to this agreement, had no prior knowledge of it, and did not approve it. He ordered the case dismissed for want of prosecution.

In her brief with this court, appellant claims that the trial judge abused his discretion. She labels his conduct as arbitrary and capricious. Not surprisingly, appellee filed no responsive brief. What appellee did file was a one-paragraph letter which joined in the request for reversal and remand.

We find no abuse of discretion in this case and certainly do not find that the trial judge acted arbitrarily or capriciously. His dismissal of the proceeding was precisely what he should have done. Trial judges are not

handmaidens of the lawyers. Lawyers cannot, on the hour of the hearing, present a continuance agreement to the judge as a fait accompli and then demand the judge's acquiescence. Such conduct by counsel is to be condemned. The judge is a necessary party to the approval of a continuance. It is the judge's responsibility to control his docket and see to the orderly movement of cases. If the judge assigned to hear the case were to be excluded from the scheduling process, chaos would result. The orderly administration of justice would be utterly defeated.

Accordingly, the order of the trial court dismissing this action for want of prosecution is affirmed.

Affirmed.

BARRY and ALLOY, JJ., concur.